**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

EDWIN SEVRENCE,            )
                        Plaintiff,   )   3:06-cv-0286-RLH (VPC)
                                  )
      vs.    )   **REPORT AND RECOMMENDATION**
                                  ) **OF U.S. MAGISTRATE JUDGE**
SHERIFF, WASHOE COUNTY,       )
                                  )
                       Defendant.   )   January 9, 2008
_____)

       This Report and Recommendation is made to the Honorable Roger L. Hunt, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendant's motion to dismiss (#14). Plaintiff opposed (#25) and defendant replied (#29). For the reasons stated below, the court recommends that defendant's motion (#14) be granted.

## I. HISTORY & PROCEDURAL BACKGROUND

       Plaintiff Edwin Sevrence, a *pro se* prisoner, is currently incarcerated by the Nevada Department of Corrections ("NDOC") at Lovelock Correctional Center ("LCC") (#8). Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging that the defendant violated his First, Sixth, and Fourteenth Amendment rights. *Id*. Plaintiff names as defendant the Sheriff of Washoe County, in his individual capacity. *Id*.

       Plaintiff alleges that while he was detained at the Washoe County Detention Center awaiting his criminal trial in 2004, he "was told" that prisoners who represent themselves have no access to a law library, and that Washoe Legal Services only assists prisoners with their civil cases. *Id*. Plaintiff claims that he wanted to represent himself in his criminal matter, but that, based on this information, he was prevented from doing so. *Id*. In count I, plaintiff alleges that the defendant's policy of prohibiting law library access to prisoners who are representing themselves violated his right to meaningful access to the courts. *Id*. at 4. In count II, plaintiff alleges that defendant's policy violated his Sixth Amendment right to self-representation. *Id*. at

5. In count III, plaintiff alleges that he "has a liberty interest in self representation and a due process right to not be deprived of his liberty in accessing the court as a self-represented defendant." *Id*. at 6.

The Court notes that the plaintiff is proceeding *pro se*. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

### A. Discussion

#### 1. Motion to Dismiss Standard

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are construed in the light most favorable to the non-moving party. *Barnett v. Centoni*, 31 F. 3d 813, 816 (9th Cir. 1994); *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). "As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 688-689 (9th Cir. 2001) (*quoting Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)). However, Rule 12 provides:

> If, on a motion under Rule 12(b)(6) or 12 (c), matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed.R.Civ.P. 12(d). "A motion to dismiss is not automatically converted into a motion for summary judgment whenever matters outside the pleadings happen to be filed with the court." *North Star Intern. v. Arizona Corp. Com'n*, 720 F.2d 578, 582 (9th Cir. 1983). Conversion to summary judgment is at the discretion of the court and the court must take some affirmative action before conversion is effected. *Swedberg v. Marotzke*, 339 F.3d 1139, 1143-44 (9th Cir. 2003).

///

**2. Summary Judgment Standard**

Summary judgment allows courts to avoid unnecessary trials where no material factual disputes exist. *Northwest Motorcycle Ass'n v. U.S. Dept. of Agriculture*, 18 F.3d 1468, 1471 (9th Cir. 1994). The court grants summary judgment if no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court must view all evidence and any inferences arising from the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). In inmate cases, the courts must

> [d]istinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, __ U.S. __, 126 S.Ct. 2572, 2576 (2006). Where reasonable minds could differ on the material facts at issue, however, summary judgment should not be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

The moving party bears the burden of informing the court of the basis for its motion, and submitting evidence which demonstrates the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in the pleadings but must set forth specific facts showing that there exists a genuine issue for trial. *Anderson*, 477 U.S. at 248. Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

**3. The Right to Self-Representation and Access to the Courts**

Persons accused of a crime have an absolute constitutional right to counsel before they can be validly convicted and punished by imprisonment pursuant to the Sixth and Fourteenth Amendments. *Faretta v. California*, 422 U.S. 806, 807 (1975); *Gideon v. Wainwright*, 372 U.S.

3

335 (1963); *U.S. v. Wilson*, 690 F.2d 1267, 1271-72 (9th Cir. 1982).[1] Criminal defendants also have a Sixth Amendment right to reject court-appointed counsel and conduct their own defense at trial. *Faretta*, 422 U.S. at 834-36. For a defendant to invoke his right to self-representation, he must make a clear and "unequivocal" request to represent himself. *U.S. v. Robinson*, 913 F.2d 712, 714 (9th Cir. 1990) (citing *Faretta*, 422 U.S. at 835). That request must be made "knowingly, intelligently, and voluntarily." *Id*. The trial court is required to make "reasonably certain" that the defendant wishes to represent himself. *Id*. (citing *Adams v. Carroll*, 875 F.2d 1441, 1444 (9th Cir. 1989)). The right of self-representation "is waived if it is not timely and unequivocally asserted." *Jackson v. Ylst*, 921 F.2d 882, 888 (9th Cir. 1990).

Federal appellate courts are split regarding whether *Faretta* "implies a right of the *pro se* defendant to have access to a law library." *Kane v. Garcia Espitia*, 546 U.S. 9, 10 (2005) (*per curiam*) (acknowledging the split and declining to resolve it).[2]

Prisoners also have a due process right to "adequate, effective, and meaningful" access to the courts for post-conviction relief. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). This right requires that prison authorities provide prisoners "with adequate law libraries *or* adequate assistance from persons trained in the law." *Id*. (emphasis added). The state may choose the

---

[1] In Nevada, indigent criminal defendants also have a statutory right to court-appointed counsel. *See* NRS 178.374 ("Every defendant accused of a gross misdemeanor or felony who is financially unable to obtain counsel is entitled to have counsel assigned to represent him at every stage of the proceedings from his initial appearance before a magistrate or the court through appeal, unless he waives such appointment").

[2] Ninth Circuit law on a *pro se* defendant's right to access to the law library is less than clear. Some decisions hold that the Sixth Amendment right to self-representation includes the right to prepare a defense, which necessarily includes the right to "access to law books, witnesses, or other tools to prepare a defense." *Milton v. Morris*, 767 F.2d 1443, 1446 (9th Cir. 1985); *see also Taylor v. List*, 880 F.2d 1040, 1047 (9th Cir. 1989). Other cases hold that a criminal defendant who exercises his Sixth Amendment right to reject counsel and represent himself necessarily relinquishes many benefits associated with being represented by counsel. *U.S. v. Wilson*, 690 F.2d 1267, 1272 (9th Cir. 1982) (holding that the *Faretta* court never suggested that the right to self-representation "implied further rights to materials, facilities, or investigative or educational resources that might aid self-representation"); *see also U.S. v. Robinson*, 913 F.2d 712, 717 (9th Cir. 1990) ("As this court's decision in *Wilson* suggests, there is nothing constitutionally offensive about requiring a defendant to choose between appointed counsel and access to legal materials; the sixth amendment is satisfied by the offer of professional representation alone"). The Supreme Court in *Kane* cited to *Milton* when noting the Circuit split. *Kane*, 546 U.S. at 10.

However, the court need not resolve these seeming inconsistencies with Ninth Circuit case law as this case can be resolved based on *Heck v. Humphrey*, 512 U.S. 477 (1994).

4

means of access in order to satisfy this constitutional obligation. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). "Appointed counsel, whether state or court provided, offers a meaningful, and certainly the best, avenue of access to an indigent inmate." *Id*. To establish a claim for a violation of the right to access to the courts, a plaintiff must prove that there was an inadequacy in the prison's legal access program that caused him an "actual injury." *Lewis v. Casey*, 518 U.S. 343, 350-55 (1996).[3]

**B. Analysis**

As both plaintiff and defendant submit evidence with their motions, the court converts defendants' motion to dismiss into a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d).[4]

The court views all material allegations in the light most favorable to plaintiff. Plaintiff's claims can be summarized as follows. Plaintiff was arrested in June 2004, and made his initial appearance shortly thereafter. Although the court appointed an attorney to represent plaintiff, the attorney either denied he represented plaintiff or was non-responsive to plaintiff's attempts to contact him for several months. Between June and August 2004, the Washoe County Sheriff's Department ("WCSD") transported plaintiff to court at least three times, but his case was continued each time. Plaintiff was finally brought before the court in September 2004 to face his criminal charges. At some point during this time, someone in the WCSD informed plaintiff that if he wanted to represent himself, he would not have access to a law library. Plaintiff alleges that

---

[3] There is some question as to whether the right to access to the courts, as set out in *Bounds*, applies to a situation in which a criminal defendant invokes his right to represent himself. Criminal defendants have an absolute right to counsel for their criminal trials and appeals. *Bounds* contemplated that the right to access to the courts applied to *post-conviction claims*, such as habeas and civil rights suits, because there was no right to counsel in such cases. Moreover, this issue appears to be an open question in the Ninth Circuit. *Milton*, 767 F2d. at 1446, n.2 ("The extent to which *Bounds* creates rights for pre-trial detainees who decline counsel remains unsettled... [*Wilson*] does not decide the question since the defendant there had accepted representation by counsel"). The Ninth Circuit has also stated that *Faretta*, not *Bounds*, controls cases where criminal defendants reject counsel an proceed on their own. *Id*. at 1446; *see also Taylor*, 880 F.2d at 1047. Nonetheless, even if *Bounds* does apply here, plaintiff failed to allege an "actual injury" caused by his lack of access. *Lewis*, 518 U.S. at 350-55.

[4] Plaintiff had notice that defendants' motion to dismiss could be treated as a motion for summary judgment, as the court issued a *Klingele* order on July 18, 2007 (#15).

5

this information, combined with the fact that plaintiff was never brought before a court during this time period, denied plaintiff his right to self-representation, his right to access to the courts, and his right to due process.[5]

The evidence reveals that plaintiff was first arrested on June 10, 2004, on several counts of sexual assault on a child (#25, Exhibit A). Plaintiff was arraigned on June 16, 2004, in Reno Justice Court, before the Honorable Jack Schroeder. *Id.*, Exhibit F, docket RCR2004-016049. Plaintiff's preliminary hearing was set for June 28, 2004, and the court appointed a public defender to represent plaintiff. *Id*. Thereafter, plaintiff's case was continued on June 28, July 7, and August 9, 2004. *Id*. On September 2, 2004, the grand jury issued an indictment based on the same underlying factual allegations as contained in the criminal complaint that had precipitated plaintiff's June arrest (#29, Exhibit A; *see also* #25, Exhibits A-C). On September 7, 2004, plaintiff was served with the grand jury indictment, and the case was transferred to the Second Judicial District Court (#29, Exhibit B; *see also* #25, Exhibit B). Although it is not entirely clear what occurred between June and September 2004, or whether plaintiff's court-appointed counsel was actively representing him, there is some evidence indicating that plaintiff's file may have been lost during this time period. *Id.*, Exhibit D.

Defendant argues that plaintiff's claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the Supreme Court held that

> [i]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983

---

[5] The court notes at the outset that plaintiff claims in his opposition that he was illegally detained for four months, and was denied his right to a preliminary hearing and a speedy trial (#25, pp. 1, 3-6). Plaintiff's complaint makes allegations solely involving the right to self-representation, and denial of any accompanying rights (#8). As plaintiff's complaint did not include the "new" allegations in his opposition, the court does not address them.

> suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. 477, 486-87 (1994); *see also Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005).

First, the court notes that the Reno Justice Court appointed counsel to represent plaintiff at his request in June 2004 (#25, Exhibit F, docket RCR2004-016049). Plaintiff admits in his opposition that he had appointed counsel. *Id.*, p. 1. However, plaintiff claims that his attempts to contact his court-appointed attorney resulted "in him denying he was my attorney," until August 2004, when "the state bar intervened." *Id*. Plaintiff provides no evidence of these allegations, and in any event, plaintiff has not brought an ineffective assistance of counsel claim, nor did he name the court-appointed attorney as a defendant in this case. Importantly, plaintiff makes absolutely no allegations that the sole defendant in this case, the Washoe County Sheriff, personally, or through his policies, prevented plaintiff from contacting his court-appointed attorney or caused the delay in plaintiff receiving representation.[6]

The pertinent question here is whether plaintiff's claim that he was improperly denied the right to represent himself based on information that he would not have access to a law library, if successful, would necessarily imply the invalidity of his conviction. If so, plaintiff's claims must be dismissed. Putting aside for the moment the fact that plaintiff admits that he had appointed counsel and admits he never made a request to represent himself, and even taking all of plaintiff's claims as true – that he was locked up at the Washoe County Detention Center for several months while his court-appointed attorney was non-responsive, that he was informed that criminal defendants representing themselves do not have access to a law library, and that he never appeared in court and, therefore, never had the opportunity to invoke his right to represent himself – the court concludes that plaintiff's claim is barred by the *Heck* doctrine. Any finding that

---

[6] Moreover, even if plaintiff had named his attorney and alleged ineffective assistance of counsel, that claim, similar to his current claims, would be subject to the *Heck* doctrine. *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (concluding that a Sixth Amendment claim of ineffective assistance of counsel brought pursuant to section 1983 was precluded under *Heck*).

1  plaintiff was denied his constitutional right to represent himself in his criminal proceeding,
2  whether the denial was outright after he made the request to the trial court, or effectively, because
3  he did not have an opportunity to appear before a court, would necessarily imply that his
4  underlying conviction is invalid. *Adams v. Carroll*, 875 F.2d 1441, 1445 (9th Cir. 1989) ("As the
5  denial of the right to self-representation is not amenable to harmless error analysis ... Adams'
6  conviction must be reversed") (citing *McKaskle v. Wiggins*, 465 U.S. 168, 177 n. 8 (1984)).

7  Plaintiff argues that the reason he never made a request to represent himself between June
8  and September 2004 was because he was never brought before the trial court during this time
9  (#25, p.7). This is irrelevant to this particular case. Plaintiff named only the Washoe County
10 Sheriff as defendant. The parties agree that the Sheriff's office brought plaintiff to court a
11 number of times (#25, p. 1; #29, p. 4). There is no evidence that the Washoe County Sheriff was
12 the individual responsible for continuing plaintiff's case, or in preventing plaintiff from appearing
13 before the court. In fact, plaintiff's evidence reveals that the attorneys in the case, not the
14 Sheriff's Department, agreed to continue his case (#25, Exhibit F, Letters from Reno Justice
15 Court Clerk dated July 11, 2006 and July 14, 2006; *see also* docket RCR2004-016049).

16 Plaintiff can overcome the *Heck* doctrine and proceed with his section 1983 claims only
17 if he provides evidence that his conviction has been "reversed on direct appeal, expunged by
18 executive order, declared invalid by a state tribunal authorized to make such determination, or
19 called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."
20 *Heck*, 512 U.S. at 486-87. Plaintiff provides no such evidence, and his claims must be dismissed.
21 *See Jones v. Michalski*, 2006 WL 572881, *2 (E.D.Cal. 2006) (dismissing Sixth Amendment
22 claim pursuant to the *Heck* doctrine). For the above stated reasons, the court grants defendant's
23 motion to dismiss all claims.

### III. CONCLUSION

25 Based on the foregoing and for good cause appearing, the court concludes that plaintiff's
26 claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) because plaintiff's success
27 in this lawsuit would necessarily imply the invalidity of his underlying conviction. As such, the
28 court recommends that defendant's motion to dismiss (#14) be granted. Plaintiff's complaint is

1  dismissed without prejudice.  Plaintiff may reassert his claims if he ever succeeds in invalidating
2  his conviction.
3       The parties are advised:
4       1.   Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice,
5  the parties may file specific written objections to this report and recommendation within ten days
6  of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and
7  Recommendation" and should be accompanied by points and authorities for consideration by the
8  District Court.
9       2.   This report and recommendation is not an appealable order and any notice of appeal
10 pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's
11 judgment.

### IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendant's motion to dismiss (#14) be granted.  Plaintiff's complaint is dismissed without prejudice.  Plaintiff may reassert his claims if he ever succeeds in invalidating his conviction.

**DATED:** January 9, 2008.

_Valerie P. Cooke_

**UNITED STATES MAGISTRATE JUDGE**