FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

NOV 26

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

EDWIN SEVRENCE,          )
                         )   3:06-CV-00286-RLH (VPC)
    Plaintiff,           )
                         )
vs.                      )   **REPORT AND RECOMMENDATION**
                         )   **OF U.S. MAGISTRATE JUDGE**
SHERIFF WASHOE COUNTY,   )
                         )
    Defendants.          )   November 25, 2008
                         )

This Report and Recommendation is made to the Honorable Roger L. Hunt, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's "motion to reopen case and for leave to file amended complaint" (#43). Defendant opposed (#44) and plaintiff replied (#45). For the reasons stated below, the court recommends that plaintiff's motion (#43) be denied.

### I.  HISTORY AND PROCEDURAL BACKGROUND

Plaintiff Edwin Sevrence ("plaintiff"), a pro se prisoner, is currently incarcerated by the Nevada Department of Corrections ("NDOC"), at Northern Nevada Correctional Center ("NNCC") (#50). Plaintiff brought his original complaint pursuant to 42 U.S.C. § 1983, alleging that the defendant violated his First, Sixth, and Fourteenth Amendment rights (#8). Plaintiff named as defendant the Sheriff of Washoe County, in his individual capacity. *Id.* Defendant moved to dismiss this complaint (#14). This court granted the motion to dismiss in a January 9, 2008, Report and Recommendation (#36),[1] finding plaintiff's claims were barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) "because plaintiff's success in this lawsuit would necessarily imply the invalidity of his underlying conviction" (#36, p. 8). However, the dismissal was without prejudice, and the court advised that plaintiff may "reassert his claims if he ever

---

[1] The Report and Recommendation was affirmed and adopted on February 11, 2008 (#37), and judgment was entered and the case was dismissed on February 12, 2008 (#38).

succeeds in invalidating his conviction." *Id.* at 9.

Plaintiff's conviction was reversed and remanded by the Supreme Court of the State of Nevada on December 6, 2007. That court found that one of the jurors at plaintiff's criminal trial had a conflict of interest and that the state court judge should have declared a mistrial, as no alternate jurors were available at the time the court discovered the conflict (#43, attachment 2).[2] On April 7, 2008, the State of Nevada petitioned for en banc reconsideration of the order reversing and remanding the criminal conviction (#44-2). This petition was denied on July 16, 2008. A hearing to set a new trial date was held on September 11, 2008, and plaintiff's new trial is set for May 4, 2009.[3]

The Court notes that the plaintiff is proceeding pro se. "In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings and afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); see also *Haines v. Kerner*, 404 S. 519, 520-21 (1972).

## II.   DISCUSSION & ANALYSIS

**A.   Discussion**

**1.   *Heck v. Humphrey***

As this court stated in its January 8, 2008, Report and Recommendation, in Heck, the Supreme Court held:

---

[2] Specifically, juror Nixon was working as an intern with the Washoe County Social Services Department at the time plaintiff relinquished his parental rights to his children so that the children could be adopted. Nixon was the witness for plaintiff's signature on the relinquishment paperwork. However, Nixon claimed that she never heard a summary of the case or read any related paperwork or looked through any related file. The district court denied a motion for mistrial, finding that Nixon's prior involvement in the relinquishment hearing did not affect her ability to be impartial and fair because she only signed as a witness to the documents without further knowledge. The Supreme Court disagreed and concluded that "Juror Nixon, having witnessed paperwork directly related to the adoption of Sevrence's children, had prior personal knowledge of the [criminal] case."

[3] A motion to confirm the trial date is set for April 23, 2009. Information on plaintiff's criminal trial, which will be held in the Second Judicial District Court for the State of Nevada, can be found under case number CR04-2074 on the court's website: http://www.washoecourts.com/index.cfm?page=casesearch&CFID=651725&CFTOKEN=44682199 (last visited November 25, 2008).

2

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. 477, 486-87 (1994).

In the Ninth Circuit, the *Heck* doctrine has been expanded to include pending and dismissed charges as well as final convictions. *Harvey v. Waldron*, 210 F.3d 1008, 1014 (9th Cir. 2000). In *Harvey*, the Ninth Circuit joined numerous other circuits in holding that *Heck* applies to pending criminal charges; therefore, "a claim, that if successful would necessarily imply the invalidity of a conviction in a pending criminal prosecution, does not accrue so long the potential for a conviction in the pending criminal prosecution continues to exist." *Id.* The court reasoned that in terms of the conflicts that *Heck* sought to avoid, it could see no difference between "a conviction that is outstanding at the time the civil rights action is instituted and a potential conviction on a pending charge that may be entered at some point thereafter." *Id.* The court saw both situations as inviting a potential for inconsistent determinations in the civil and criminal cases, allowing a criminal defendant to collaterally attack a prosecution or pending prosecution in a civil suit, something which "lies at the intersection of the federal habeas corpus statute and the Civil Rights Act of 1871." *Id.*

### 2. Federal Rule of Civil Procedure 60(b)

Rule 60(b) allows the court to grant relief to a party from a final judgment, order, or proceeding, for numerous reasons, including "mistake, inadvertence, surprise, or excusable neglect...." Fed. R. Civ. P. 60(b)(1). A motion under Rule 60(b) must be within a reasonable time and no more than a year after the entry of a judgment. *Id.* at (c)(1). "Neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule

60(b)(1)." *Engleson v. Burlington Northern Railroad Company*, 972 F.2d 1038, 1043 (9th Cir. 1992). "Inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'" *Harvest v. Castro*, 531 F.3d 737, 746 (9th Cir. 2008), *quoting Pioneer Invs. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 392, 113 S. Ct. 1489 (1993). However, under certain circumstances, the Ninth Circuit has held that a lawyer's simple inadvertence can be excusable. *See Pincay v. Andrews*, 389 F.3d 853, 858-59 (9th Cir. 2004) (rehearing en banc)(holding that, under *Pioneer*, the court should avoid any per se rule regarding what is or is not excusable neglect, and that each case should be evaluated based on its individual facts. The district court found, and was affirmed after a rehearing en banc, that an attorney's paralegal's misinterpretation of a filing deadline, was excusable neglect and allowed a thirty day extension of time to file a notice of appeal). To make a determination as to whether attorneys' or parties' conduct is excusable negligence, the court applies the *Pioneer* factors: "(1) the danger of prejudice to the nonmoving party; (2) the length of the delay; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the moving party's conduct was in good faith." *Harvest*, 531 F.3d at 746, *citing Pioneer*, 507 U.S. at 395.

### B.    Analysis

Plaintiff requests that this court reopen his case and allow him to amend his complaint pursuant to Federal Rule of Civil Procedure 60(b), as his conviction was reversed and his case was remanded for additional proceedings. Plaintiff argues that due to this reversal and remand, he has now overcome the *Heck* doctrine. Plaintiff also objects to filing a new case because he would be charged an additional $350 filing fee, which would cause an undue financial burden to plaintiff. He also claims it would not be unreasonable to reopen the case (#43, p. 2).

### 1.    Pending Criminal Charges

Defendant contends that it would still be premature to reopen plaintiff's section 1983 claims, since plaintiff's conviction has not yet been finally overturned because Nevada Supreme Court's order was "the subject of a Petition for En Banc Reconsideration"[4] and because plaintiff

---

[4]As previously stated, that petition was denied. Therefore, the court will not further address

4

will be prosecuted again in a new trial consistent with the remand (#44, p. 4-5). Plaintiff replies that there are no pending criminal charges; therefore Heck does not apply (#45, p. 2). The court disagrees. Although plaintiff's conviction has been reversed, he still faces the same criminal charges that he was convicted of in his first trial. Plaintiff will be tried a second time in April 2009. Thus, there are pending criminal charges. Plaintiff's claim here, as discussed in the court's first Report and Recommendation, would, if successful, "necessarily imply the invalidity of a conviction in a pending criminal prosecution." Therefore, plaintiff's section 1983 action "does not accrue so long the potential for a conviction in the pending criminal prosecution continues to exist."

Plaintiff is correct that there is a circuit split on the issue of whether *Heck* applies to pending criminal prosecution. The Fifth Circuit has the opposite rule and allows a § 1983 claim such as plaintiff's to go forward where a state Supreme Court has reversed an inmate's conviction and ordered a retrial, subjecting him to a potential conviction in the future. *See Clay v. Allen*, 242 F.3d 679, 681-82 (5th Cir. 2001). However, regardless of this circuit split, this court must apply the Ninth Circuit rule. As such, plaintiff's suit is still barred by the *Heck* doctrine. If plaintiff is not convicted in April, he may reassert his claims.

### 2.    Plaintiff's 60(b) argument

Defendant contests plaintiff's request to reopen his case. Given that the case was dismissed, defendant asserts that plaintiff has stated no valid reason under Rule 60(b)(1) why he should be permitted to reopen his case or amend his complaint rather than initiate a new action. Plaintiff contends that Rule 60(b)(1) applies to his case because he suffered from both inadvertence and surprise. Specifically, plaintiff states that he was "surprised" that his case was reversed and remanded by the Nevada Supreme Court because he did not know the court was considering it. Further, it was "inadvertence" that he did not submit the order or reversal and remand to this court earlier, or object to the Report and Recommendation, because he received incorrect legal advice from inmate law clerks. *Id.* at 3.

---

arguments based on the petition as it is no longer pending.

5

The court finds that plaintiff is not entitled to relief under Rule 60(b)(1) in this case. First, plaintiff's delay is not justified by either his surprise or inadvertence. The Nevada Supreme Court entered the Order of Reversal and Remand in plaintiff's criminal case on December 6, 2007, over a month before this court's Report and Recommendation was issued. Plaintiff did not object to the Report and Recommendation within the allowable ten-day period, and did not present the reversal and remand to this court until February 21, 2008, ten days after judgment was entered and his case was dismissed (#39, Letter from plaintiff attaching the reversal and remand, and requested legal advice from the Clerk of Court. The court returned the letter and attachment and informed plaintiff that the Clerk is prohibited from giving legal advice (#40)).

Plaintiff did not move to reopen his case until May 2, 2008. Plaintiff claims that he did not receive the Order of Reversal and Remand "in a timely manner" (#43, p. 2). However, plaintiff does not state when he received the Order. Plaintiff also claims that his inadvertence was due to incorrect legal advice. However, "[n]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." *Engleson*, 972 F.2d at 1043. Therefore, plaintiff's misunderstanding of the law does not qualify as inadvertence under Rule 60(b)(1). Additionally, "[i]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'" *Harvest*, 531 F.3d at 746. Applying the *Pioneer* factors here, the court finds that plaintiff's mistake construing the rules does not constitute excusable neglect in this case. First, there is very little danger of prejudice to the nonmoving party. Although plaintiff's case was dismissed, plaintiff is free to bring new claims against the defendant. Defendant would have to defend against any claims whether asserted here or in a new suit. Second, the length of the delay is relatively substantial given that plaintiff had the order of reversal and remand for approximately six months before he moved to reopen his case. Third, the reason for the delay was within the reasonable control of the plaintiff. Plaintiff had the ability to research the effect, if any, the order may have on his dismissed action. Fourth, there is no indication that plaintiff's conduct was in bad faith. Based on these factors, the court concludes that plaintiff's failure to bring the order to the court's attention sooner was not excusable ignorance.

6

Plaintiff also states that he has numerous other claims against thirty additional defendants. However, plaintiff does not specify whether all of his claims are related to his barred Sixth Amendment claims. As such, the court cannot determine whether plaintiff's additional claims are also barred by *Heck* or if these claims are unrelated to the instant action. However, regardless of the subject matter of the claims, the court declines to reopen plaintiff's action. If the claims are analogous to plaintiff's barred Sixth Amendment claims, they would also be barred at this time. On the other hand, if the claims are based on new facts and law, and thus not barred, the plaintiff should assert them in a new action. Therefore, the court denies plaintiff's motion to reopen his case and file an amended complaint.

### 3.  Defendant's additional arguments

Defendant also requests that the court to adjudicate the additional arguments they raised in their motion to dismiss.[5] Plaintiff argues that the court need not rule on defendant's remaining arguments as it would be premature to do so at this time. As the court is declining to reopen plaintiff's case because his claims are barred by the *Heck* doctrine, it is not necessary to address defendant's additional claims at this time.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) because plaintiff's success in this lawsuit would necessarily imply the invalidity of his pending criminal prosecution and possible conviction. Therefore, the court declines to grant relief under Fed. R. Civ. P. 60(b)(1). As such, the court recommends that plaintiff's motion to reopen case and leave to file amended complaint (#43) be **DENIED**. Plaintiff may commence a new action with any new claims that are not barred by the *Heck* doctrine. Additionally, this ruling does not change plaintiff's right to reassert his claims if he is not convicted in his April 2009 trial.

---

[5] In the Report and Recommendation, the court declined to resolve inconsistencies in Ninth Circuit law regarding a *pro se* defendant's right to access to a law library or address any of defendant's other arguments because the case could be resolved based on *Heck v. Humphrey* (#36, p. 4, fn 2).

7

1 The parties are advised:

2     1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

    2.    This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion to reopen case and leave to file amended complaint (#43) be **DENIED**.

**DATED:** November 25, 2008.

_____
**UNITED STATES MAGISTRATE JUDGE**